IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

```
SAVANE WILLIAMS,            )
                            )
     Petitioner,            )
                            )
vs.                         )    CAUSE NO. 3:10-CV-381
                            )
SUPERINTENDENT,             )
                            )
     Respondent.            )
```

**OPINION AND ORDER**

This matter is before the Court on the Petition Under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner, Savane Williams, a *pro se* prisoner, on September 3, 2010 (DE #1). For the reasons set forth below, the Petition (DE #1) is **DISMISSED WITHOUT PREJUDICE**.

BACKGROUND

Williams is serving an 80-year sentence for multiple drug offenses committed in Elkhart County. *See State v. Williams*, No. 20C01-9808-CF-0040. In 1998, Williams was charged with committing three separate drug offenses. (DE #6-1 at 2; DE #1-2.) He was later charged with being a habitual offender. (DE #1-3.) The trial on two of the counts was severed from the trial on the third count. (DE #6-1 at 2.) Following a 2000 jury trial on the first two counts, Williams was found guilty of both offenses. (DE #6-1 at 11.) The jury also found him guilty of being a habitual

offender. (*Id.*)  In April 2000, Williams was sentenced to 50 years in prison for the drug offenses, with an additional 30 years imposed based on the habitual offender adjudication.  (*Id.*)

Trial on the remaining count was scheduled to occur in January 2001.  (*Id.* at 11.)  Shortly before the scheduled trial date, Williams' retained counsel sought to withdraw from the case.  (*Id.* at 12.)  After conducting a hearing, the trial court granted the motion, and a public defender subsequently entered an appearance on Williams' behalf.  (*Id.*)  In February 2001, Williams filed a *pro se* motion seeking "permission to file a belated appeal" of his conviction and sentence on the first two counts.  (*Id.* at 13.)  The trial court denied the motion.  (*Id.*)  In April 2002, Williams pled guilty to the remaining count and was sentenced to an additional 20 years in prison.  (*Id.* at 15.)

On June 1, 2007, the trial court noted on the docket that a pleading by Williams dated September 15, 2002, had been discovered in the file but had never been entered into the record.  (*Id.*)  The document was entitled, "Verified Petition for Permission to File Belated Appeal."  (*Id.*)  The trial court ordered the document to be filed *nunc pro tunc* as of September 15, 2002.  (*Id.*)  After holding a hearing, the court denied the motion.  (*Id.*)  Williams subsequently sought a transcript of the hearing on his motion, but he never appealed the trial court's order.  (*Id.*)  He also has never sought state post-conviction relief. (*See* DE #7 at 5-6; DE #1

at 1.)

In June 2010, Williams tendered the present petition to prison officials for mailing. (DE #1 at 5.) The petition is difficult to decipher, but it can be read to assert a claim that Williams' counsel was ineffective in failing to timely perfect a direct appeal. (DE #1 at 3, 6-8.) The Respondent asserts that the petition must be dismissed without prejudice because Williams has not yet exhausted this claim in state court. (DE #7 at 4-7.)

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the Court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present

> his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quote marks omitted).

Here, it is apparent that Williams has a state court remedy remaining, because he has not yet pursued state post-conviction relief.[1] *See* IND. POST-CONVICT. R. 1 *et seq.* Until Williams presents his ineffective assistance claim to the state courts in one complete round of review, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026. Approximately 90 days have passed since the Respondent filed the return, and Williams has not filed a traverse or any other document responding to the state's exhaustion argument. Based on the record, this petition is subject to dismissal.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court has

---

[1] Although several years have passed since Williams was convicted, the Indiana Post-Conviction Rules do not impose a specific time limit for seeking relief. *See Haynes v. State*, 436 N.E.2d 874, 876 (Ind. Ct. App. 1982).

discretion to stay rather than dismiss a petition containing unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The Court should consider whether a stay is appropriate even in the absence of a specific request from the petitioner. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Here, it is clear that a federal petition filed by Williams in the future would be untimely. However, there is an added wrinkle because the *present* petition is itself untimely, as it was filed several years after Williams' conviction became final.[2] Although the Respondent has expressly declined to raise a defense of timeliness at this stage, he nevertheless argues that a stay is not warranted in light of the fact that the petition is untimely. (*See* DE #7 at 6-7.) As the Respondent correctly points out, the stay and abeyance procedure set forth in *Rhines* is limited to timely petitions. *See Rhines*, 544 U.S. at 275; *see also Parmley v. Norris*, 586 F.3d 1066, 1073 (8th Cir. 2009)(untimely petition cannot be stayed under *Rhines*). Accordingly, there is no basis to stay this untimely petition.

---

[2] Williams' conviction became final back in 2002 when the time for filing a direct appeal expired. *See* IND. APP. R. 9(A); *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). If Williams were to pursue state post-conviction relief, it is possible that the state court could reopen the direct appeal process; if that occurred, Williams would have a fresh one-year period to seek federal habeas relief after the reopened direct appeal proceedings concluded. *See Jimenez v. Quarterman,* 555 U.S. 113, 129 S. Ct. 681, 686 (2009).

5

Even if the stay and abeyance procedure were available to Williams, the Supreme Court has made clear that a stay is appropriate only when "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Williams has not filed a traverse, and there is nothing before the Court to indicate that he had good cause for failing to pursue his state court remedies before filing this petition. For these reasons, the Court declines to stay the petition.

CONCLUSION

For the reasons set forth above, the petition (DE #1) is **DISMISSED WITHOUT PREJUDICE**.

**DATED: March 23, 2011**          /s/ RUDY LOZANO, Judge
                                   **United States District Court**